**Nazma SULTANA, Mohammed Abul Kalam Khan and Esmita Naz Khan, Petitioners,**

v.

**Alberto R. GONZALES, Respondent.**

Nos. 05–5157–AG(L), 05–5158–AG(CON), 05–5168–AG(CON).

United States Court of Appeals, Second Circuit.

Nov. 3, 2006.

Thomas V. Massucci, New York, NY, for Petitioners.

Lynn C. Jordheim, First Assistant United States Attorney (Drew H. Wrigley, United States Attorney for the District of North Dakota, on the brief), United States Attorney's Office for the District of North Dakota, Fargo, ND, for Respondent.

Present: DENNIS JACOBS, Chief Judge, ROBERT D. SACK, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petition for review from the Board of Immigration Appeals ("BIA").

**UPON DUE CONSIDERATION** of these petitions for review of a decision of the BIA, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petitions for review are **DISMISSED in part,** and **GRANTED in part,** the orders of the BIA and IJ are **VACATED in part,** and petitioners' claim for asylum is **REMANDED** for further proceedings consistent with this decision.

Petitioners Mohammed Abul Kalam Khan ("Mohammed") and Nazma Sultana, husband and wife, and their daughter Esmita Naz Khan, natives and citizens of the People's Republic of Bangladesh, seek review of the August 25, 2005 order of the BIA affirming, without opinion, the May 17, 2004 decision of Immigration Judge ("IJ") Barbara Nelson denying petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Khan,*

*Mohammed Abul Kalam,* No. A70–577–675 (B.I.A. Aug. 25, 2005) *aff'g* No. A70–577–675 (Immig. Ct. N.Y. City May 17, 2005). We presume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

Where (as here) the BIA affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

█ (1) To the extent that the IJ found that Mohammed's claim that he had been stabbed in his arm was inconsistent with the absence of a specific reference to that injury in Dr. Humayan Reza's affidavit, that finding is flawed. The IJ erred in failing to identify to Mohammed the non-dramatic inconsistency between Mohammed's testimony and the affidavit, and thus failed to afford him the opportunity to explain this purported inconsistency. See *Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006).

█ (2) The IJ must consider the whole record, including the letters from members of Mohammed's family in Bangladesh (exhibits 15, 16 and 17), which appear not to have been previously considered, and which, if found to be credible, might be deemed significant. Cf. *Guan Shan Liao v. U.S. Dept. of Justice,* 293 F.3d 61, 68 (2d Cir.2002). Moreover, the IJ should avoid reliance on background information, such as the Department of State report, without considering petitioner's testimony and evidence. *Ivanishvili v. U.S. Dept. of Jus-*

78

*tice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that the IJ's reliance on background information, without considering the effect of petitioner's testimony, was in error); *Chen v. U.S. I.N.S.,* 359 F.3d 121, 130 (2d Cir.2004)(holding that the IJ must consider the "particular circumstances" described by petitioner and warning that "the immigration court should be careful not to place excessive reliance on published reports of the Department of State such as the one received into evidence in the instant case")

(3) On remand, if the IJ finds that Mohammed's statements were consistent and his evidence credible, she is to consider the cumulative effect of the two attacks on Mohammed, as well as the threats made to him and his family (both before and since his departure from Bangladesh) in determining whether his claim amounts to persecution. *Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005); *In re O–Z– and I–Z–,* 22 I. & N. Dec. 23, 25–26 (BIA 1998) (considering the cumulative effect of threats, harassment, as well as physical harm). " '[P]ersecution' in the asylum context means that, although the conduct must rise above mere harassment, the term includes more than threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category." *Chen,* 359 F.3d at 128 (internal citations and quotation marks omitted).

■ (4) Petitioners' failure to raise their claims for withholding of removal and relief under CAT in their appeal to the BIA bars consideration of these claims by this Court. "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "Failure to exhaust [these remedies] constitutes a clear jurisdictional bar." *Foster v. INS,* 376 F.3d 75,

77 (2d Cir.2004) (internal citation and quotation marks omitted).

For the foregoing reasons, the petitions for review of the claims for withholding of removal and CAT relief are **DISMISSED** for want of jurisdiction; as to petitioners' asylum claims, the petitions for review are **GRANTED,** the BIA and IJ orders are **VACATED,** and the asylum claims are **REMANDED** for further proceedings consistent with this decision.